IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

C. BERMAN ASSOCIATES, INC.,

    Plaintiff,

v.

SIDECARS, INC.,

    Defendant.

Case No. 3:23-cv-05028-MDH

## ORDER

Before the Court is Defendant's Garen McMillian's Motion to Dismiss or in the Alternative Motion for More Definite Statement. (Doc. 59). Defendant moves to dismiss causes of action Five, Eight, and Ten of Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to support a claim upon which relief can be granted. Defendant Emmanuel Boykin has also filed a Motion to Dismiss. (Doc. 63). Defendant Boykin moves to dismiss the claims against him for tortious interference with contract and business expectations, civil conspiracy, and unjust enrichment. The motions are ripe for review.

## BACKGROUND

Plaintiff is an agency that contracts with automobile dealerships to facilitate the dealerships' sales of Finance & Insurance ("F&I") products and programs to the end customer, and to service all aspects of all such sales. Plaintiff alleges it routinely and customarily formed contractual relationships with individuals who formed contractual relationships with dealerships on its behalf in order to facilitate a dealerships' sale of F&I products to end customers, and to service all aspects of such sales, in exchange for commission payments resulting from each sale.

1

Defendant Sidecars is a business engaged in the administration of F&I products and programs for dealerships. Sidecars' administration includes arranging for insurance, pricing premiums for unexpected insurance claims, handling insurance claim calls, paying insurance claims, obtaining bank approvals for coverages on loans, setting up dealership accounts, producing dealership agreements and customer contracts, and producing marketing materials.

Boykin is an individual engaged in the administration of F&I products and programs for dealerships. Boykin was formerly contracted by C. Berman to form contractual relationships with dealerships on C. Berman's behalf in order to facilitate dealerships' sales of F&I products to end customers, and to service all aspects of such sales, in exchange for commission payments resulting from each sale. McMillan is and at all relevant times was the CEO and principle decision maker of Sidecars. Defendants Sidecars and McMillian utilize the services of agencies such as C. Berman to market its administration services to dealerships and facilitate sales to end customers.

Plaintiff alleges on or about August 2018, Plaintiff and defendant Sidecars entered into an agency agreement by which Plaintiff agreed to market service contracts and ancillary products to dealerships for Sidecars on a non-exclusive basis, and to service and perform administrative functions for the accounts. Under the agreement, defendant Sidecars agreed to utilize account information, account introductions, and other account related information that Plaintiff was to supply solely for the purpose of pursuing business through Plaintiff. Under the agreement, Sidecars was prohibited from utilizing sales opportunities, including other agencies, to offer its services to any account that it initially met through Plaintiff.

Plaintiff alleges Defendant has poached individuals that have in turn caused accounts to be reassigned. Plaintiff contends Defendant utilizes confidential information received from Plaintiff. Plaintiff identifies numerous alleged breaches of the agreement. In addition, Plaintiff alleges

Boykin and McMillian violated the agreement and also carried out a scheme to interfere with contractual and business relationships that were covered by the agreement.[1]

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content is sufficient to allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. The Plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell ATL. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a court must accept the complaint's factual allegations as true, a court is not required to accept the plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. at 678 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

## DISCUSSION

Plaintiff alleges that both McMillian and Boykin tortiously interfered with an agreement between Plaintiff and Sidecars and other third party relationships and business expectancies. The elements for a claim for tortious interference with contract and business expectancy are: "(1) a contract or valid business expectancy; (2) defendant's knowledge of the contract or business relationship; (3) a breach induced or caused by defendant's intentional interference; (4) absence of justification; and (5) damages resulting from the defendant's conduct." *Nichols v. Am. Nat. Ins. Co.*, 945 F.Supp. 1248, 1250 (E.D. Mo. 1996) (internal citations omitted).

---

[1] Plaintiff's Third Amended Complaint is 392 paragraphs and 57 pages long. The Court does not attempt to address the lengthy allegations contained in the pleading.

Plaintiff also alleges Defendants engaged in a civil conspiracy to tortiously interfere with an agreement between Plaintiff and Sidecars and other third parties. A claim for civil conspiracy must establish: "(1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) the plaintiff was thereby damaged." *Creative Walking, Inc. v. Am. States. Ins. Co.*, 25 S.W.3d. 682, 688 (Mo. Ct. App. 2000) (internal citations omitted).

Finally, Plaintiff alleges Defendants have been unjustly enriched. "The elements of unjust enrichment are: 'a benefit conferred by a plaintiff on a defendant; the defendant's appreciation of the fact of the benefit; and the acceptance and retention of the benefit by the defendant in circumstances that would render that retention inequitable.'" *Life Science Technologies, LLC v. Mercy Health*, 632 F.Supp.3d. 949, 960 (E.D. Mo. 2022) (internal citations omitted).

Here, reading the Third Amended Complaint as a whole Plaintiff has alleged the elements of these claims against the Defendants. Defendants arguments are better suited for whether Plaintiff can ultimately prevail on these claims based on the evidence that will, or will not, be presented in the case. However, for purposes of a motion to dismiss, taking Plaintiff's allegations as true, Plaintiff has stated claims that put Defendants on notice of the allegations. Defendants have notice of the basis for Plaintiff's claims and what evidence, if any, may support the claims will be further developed during discovery. The Court makes no ruling on whether Plaintiff may ultimately prevail, but for purposes of a motion to dismiss Plaintiff has sufficiently pled its causes of action. Wherefore, Defendant's motions to dismiss are **DENIED.**

**IT IS SO ORDERED.**

Dated: August 12, 2024

                                                    s/ Douglas Harpool
                                                    Douglas Harpool, District Judge